**Opinion filed March 8, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00160-CV
_____

## TIMOTHY W. BUCHANAN, Appellant

## V.

## JOYCE HERRIDGE, Appellee

**On Appeal from the 132nd District Court**

**Borden County, Texas**

**Trial Court Cause No. 1176-C**

## MEMORANDUM OPINION

This appeal arises from Timothy W. Buchanan's pro se civil action filed against the district clerk of Borden County. The trial court granted the district clerk's special exceptions to appellant's pleadings. The trial court subsequently dismissed appellant's pleadings after he failed to cure the deficiencies by repleading his allegations. We affirm.

Appellant is an inmate in the Institutional Division of the Texas Department of Criminal Justice. He is currently serving a sixty-year sentence for his conviction occurring on November 1, 2000, for aggravated sexual assault of a child. Appellant's conviction arose from

Trial Court Cause No. 192 in the 132nd District Court of Borden County. This court affirmed his conviction in 2002 in Cause No. 11-00-00368-CR.

This appeal concerns appellant's indictment in Trial Court Cause No. 193. The grand jury indicted him for indecency with a child in Trial Court Cause No. 193. Appellant was never tried for the offense of indecency with a child in Trial Court Cause No. 193 because the trial court granted the State's motion to dismiss Trial Court Cause No. 193 on October 29, 2007. The State based the motion to dismiss on the ground that "[t]he defendant was convicted in Cause Number 192 on the 1st day of November, 2000, and was sentenced to sixty years in the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00 fine." Despite the fact that Trial Court Cause No. 193 was dismissed on the State's motion after his conviction in the other case, appellant contends that the district clerk is liable to him under a tort theory of recovery because the indictment stated the wrong term of court. Appellant additionally contends that the district clerk is liable to him for damages because the district attorney's brother-in-law served on the grand jury.[1] Irrespective of his conviction and sixty-year sentence arising from Trial Court Cause No. 192, appellant contends that he suffered damages as a result of the allegedly defective indictment in Trial Court Cause No. 193 because "it could be use [sic] against me."

In a single issue, appellant contends that the trial court erred in failing to expunge the indictment in Cause No. 193 and his subsequent arrest for the offense charged in the indictment. In this regard, appellant fails to challenge the trial court's order sustaining the district clerk's special exceptions and the subsequent dismissal of his claims against the district clerk. Accordingly, appellant cannot prevail on appeal because he has not challenged the trial court's order dismissing his claims against the district clerk.

Moreover, we conclude that the trial court did not err in granting the district clerk's special exceptions that appellant failed to state a cause of action against her as a matter of law. A special exception is the appropriate vehicle to illustrate that a plaintiff has failed to state a cause of action. TEX. R. CIV. P. 90–91; *State v. Houdaille Indus., Inc.*, 632 S.W.2d 723, 724 (Tex. 1982). An officer of a court who is an integral part of the judicial process is entitled to the

---

[1]Appellant has not cited any authority supporting his contention that the district attorney's brother-in-law was disqualified from serving on the grand jury. While a prosecutor that is personally involved in presenting an indictment is subject to challenge, there is no statutory authority precluding a relative of a prosecutor from grand jury service. *See* TEX. CODE CRIM. PROC. ANN. art. 19.31(2) (West 2005).

protection of derived judicial immunity. *Alpert v. Gerstner*, 232 S.W.3d 117, 125–26 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Officers such as court clerks, law clerks, bailiffs, constables issuing writs, and court-appointed receivers and trustees are entitled to judicial immunity if they actually function as an arm of the court. *Id*.; *Delcourt v. Silverman*, 919 S.W.2d 777, 781 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *Byrd v. Woodruff*, 891 S.W.2d 689, 708 (Tex. App.—Dallas 1994, writ dism'd by agr.). An officer of the court "receives the same immunity as a judge acting in his or her official judicial capacity—absolute immunity from liability for judicial acts performed within the scope of jurisdiction." *Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002); *Alpert*, 232 S.W.3d at 125–26.

Appellant's claims against the district clerk are directed exclusively at the district clerk's role in the judicial process. Derivative judicial immunity is absolute in this situation, and thus no recovery against the district clerk is possible. Therefore, appellant's pleadings affirmatively negate a viable cause of action against the district clerk. The trial court did not err in dismissing appellant's claims against the district clerk for failing to state a cause of action as a matter of law. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed.


PER CURIAM


March 8, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

3